IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,805






EX PARTE JESS LEE ROY CRUMP, JR., Applicant







ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. F-2004-317-DWHC1 IN THE

362ND DISTRICT COURT FROM DENTON COUNTY





Per curiam.


O P I N I O N


 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual
assault and sentenced to forty years' imprisonment. The Second Court of Appeals affirmed his
conviction. Crump v. State, No. 02-04-277-CR (Tex.App. - Fort Worth, delivered April 28, 2005,
pet.ref'd). 

 Applicant contends that his trial counsel rendered ineffective assistance because, inter alia, 
he advised Applicant to have the trial court assess punishment when Applicant was seeking
community supervision and the trial court could not grant community supervision. The trial court
has determined that trial counsel was ineffective in that counsel advised Applicant to elect the court
to assess punishment when Applicant was eligible for community supervision from the jury and
hoped to receive community supervision, but the trial court was precluded from granting community
supervision. We find, therefore, that Applicant is entitled to receive a new punishment proceeding
in Case No. F-2004-317-D from the 362nd Judicial District Court of Denton County. Applicant is
remanded to the custody of the Sheriff of Denton County to await that proceeding.

 Applicant's other requested relief is denied.


Delivered: December 12, 2007

Do Not Publish